**Alarazim KASSIM, Petitioner,**

v.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).
** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).
*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 05–75279.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Alarazim Kassim, Fontana, CA, pro se.

District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Alarazim Kassim, a native and citizen of Sierra Leone, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), and the BIA's order denying his motion to remand to apply for adjustment of status with a waiver of inadmissibility. We deny in part and dismiss in part the petition for review.

Kassim contends the agency erred in finding that he was statutorily ineligible for asylum and withholding of removal because he engaged in the persecution of others. *See* 8 U.S.C. § 1158(b)(2)(A)(i).

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider this contention because the IJ's alternative findings—that there had been a fundamental change in Sierra Leone, and that Kassim failed to show a well-founded fear of persecution or a likelihood of torture—are dispositive on Kassim's eligibility for relief, and he did not challenge these findings before the BIA.

Kassim stated in his motion to remand that he was eligible to adjust his status with a waiver of inadmissibility, but failed to submit an application for the waiver, or provide evidence that his qualifying relative would suffer "extreme hardship" if he were denied admission. *See* 8 C.F.R. § 1003.2(c) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation"); *INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that BIA may deny an applicant's motion to reopen if movant is not prima facie eligible for relief sought). Accordingly, the BIA did not abuse its discretion in denying Kassim's motion to reopen.

Kassim contends the IJ violated due process by exhibiting bias. Contrary to Kassim's contentions, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

We lack jurisdiction to review Kassim's contention that the IJ erred in finding him ineligible for cancellation of removal because he did not raise this issue before the BIA and thereby did not exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (ex-

plaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**